WESTINGHOUSE BEVERAGE GROUP, INC., A DELAWARE CORPORATION, D/B/A SEVEN-UP BOTTLING CO. OF LAS VEGAS; BELFAST BOTTLING CO. OF RENO, A NEVADA CORPORATION, D/B/A PEPSI-COLA BOTTLING CO. OF RENO; COCA-COLA BOTTLING COMPANY OF LOS ANGELES, A CALIFORNIA CORPORATION, COCA-COLA BOTTLING COMPANY OF LAS VEGAS; JULIAN'S DISTRIBUTING CO., INC., D/B/A SEVEN-UP BOTTLING COMPANY; PEPSI-COLA METROPOLITAN BOTTLING COMPANY, A NEW JERSEY CORPORATION, D/B/A PEPSI-COLA BOTTLING GROUP OF LAS VEGAS; L. W. PERALDO CO., INC., A NEVADA CORPORATION; SEVEN-UP BOTTLING COMPANY OF RENO, A NEVADA CORPORATION; SHOSHONE COCA-COLA BOTTLING CO., A NEVADA CORPORATION; VALLEY DISTRIBUTORS, INC., A NEVADA CORPORATION; ELKO BOTTLING COMPANY, A NEVADA CORPORATION; GILLESPIE DISTRIBUTING COMPANY, A CALIFORNIA CORPORATION; BLACH DISTRIBUTING CO., A NEVADA CORPORATION; WAREHOUSE MARKETS, INC., A NEVADA CORPORATION; CAPITAL CIGAR COMPANY D/B/A CAPITAL CIGAR AND CANDY CO., A CALIFORNIA CORPORATION; WINNEVA DISTRIBUTING CO., INC., A NEVADA CORPORATION; BAIR DISTRIBUTING, INC., A NEVADA CORPORATION, APPELLANTS, v. DEPARTMENT OF TAXATION; NEVADA TAX COMMISSION; PATRICK PINE, AS EXECUTIVE DIRECTOR OF THE DEPARTMENT OF TAXATION; JEROME D. MACK, AS CHAIRMAN OF THE NEVADA TAX COMMISSION; GENE F. EMPEY, HARLEY E. HARMON, SR., IRA H. KENT, ROY NICKSON, NEIL W. PLATH, AND W. HOWARD WINN, AS MEMBERS OF THE NEVADA TAX COMMISSION; PATTY D. CAFFERATA, AS TREASURER OF THE STATE OF NEVADA; AND THE STATE OF NEVADA, RESPONDENTS.

No. 15582

April 25, 1985 698 P.2d 866

[Rehearing denied August 27, 1985]

*Lionel, Sawyer & Collins,* Las Vegas, for Appellants.

*Brian McKay,* Attorney General, and *Marta A. Adams,* Deputy Attorney General, Carson City, for Respondents.

## OPINION

By the Court, SPRINGER, C. J.:

Chapter 369A, Nevada Revised Statutes, imposes a tax on the privilege of importing for sale at retail or selling at wholesale soft drinks or syrups and powders used to make soft drinks.[1] Sixteen corporations which sell soft drinks or soft drink syrups at wholesale in Nevada have challenged the constitutionality of the statute in a declaratory judgment action. The trial court found the statute to be constitutional, and the corporations have appealed. The trial court's judgment is affirmed.

1. *Statutory Vagueness.*

The corporations claim that the statute is too vague because it fails to identify what is being taxed or who is required to pay the tax.

The taxable commodity is soft drinks or their precursors. Counsel for the corporations expresses no difficulty on the part of his wholesalers in understanding what a soft drink is or what

---

[1] Chapter 369A is set forth in its entirety in the appendix to this opinion.

"syrups and powders used to make soft drinks" are. Neither do we.

In State of Nevada v. Glusman, 98 Nev. 412, 651 P.2d 639 (1982), *appeal dismissed,* 459 U.S. 1192 (1983), this court directed its attention to a challenge to the constitutionality of a statute based on a charge of vagueness. In *Glusman* we held:

> The criterion under which we examine the assertion of vagueness is whether the statute "either forbids or requires the doing of any act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. . . ." Connally v. General Construction Co., 269 U.S. 385 (1926) cited by this Court in In re Laiolo, 83 Nev. 186, 426 P.2d 726 (1967). Equally important in a facial challenge for vagueness is whether the statute impinges upon First Amendment freedoms. If not, a statute may be stricken as unconstitutionally vague only if it is found to be so "in all of its applications." Hoffman Estates v. Flipside, Hoffman Estates, 455 U.S. 489, 71 L.Ed.2d 362 (1982). Further, our standard of review is less strict under a challenge for vagueness where the statute is directed at economic regulations.

98 Nev. at 420-21.

The statute in question here involves economic considerations and not first amendment freedoms; consequently, the statute may be stricken as unconstitutionally vague only if it is found to be so in all of its applications. Such cannot be said of this statute, particularly because the corporations do not argue that the statutory definitions are vague as to them or that they do not understand the statutory language; rather, they argue that under certain circumstances other soft drink wholesalers might find the statute to be unconstitutionally vague. One who is not prejudiced by the operation of a statute cannot question its validity. Spears v. Spears, 95 Nev. 416, 418, 596 P.2d 210, 212 (1979). Even where we reach the constitutional issue, we are bound by the presumption that legislative enactments are valid unless the contrary is clearly established. Allen v. State of Nev., Pub. Emp. Ret. Bd., 100 Nev. 130, 133, 676 P.2d 792, 794 (1984); List v. Whisler, 99 Nev. 133, 137, 660 P.2d 104, 106 (1983). This court does not consider it proper to "enter into a determination of the constitutionality of [a] statute on a supposed or hypothetical case which might arise thereunder." Magee v. Whitacre, 60 Nev. 208, 212, 106 P.2d 751, 752 (1940) (opinion on the merits). As to appellant corporations it is quite clear just what is subject to the tax.

The additional claim that the statute does not clearly identify

who is to pay the tax is without merit. The tax must be paid, as stated in the statute, by the wholesale dealer upon sales of soft drinks, syrups, and powders. There is nothing vague about this.

2. *Due Process of Law.*

The corporations claim that non-Nevada wholesalers are unjustly subjected to taxation by this statute "without a sound constitutional basis for doing so." The claim is that wholesale dealers who lack any demonstrable nexus with Nevada cannot be taxed. This is, of course, true; and we have so held in State, Nev. Tax Comm'n v. Obexer & Son, 99 Nev. 233, 236-37, 660 P.2d 981, 984 (1983). "To impose liability for the collection of a use tax on an out-of-state seller, there must be a constitutionally sufficient relationship or 'nexus' between the seller and the taxing state, such as the maintenance by the seller of offices, agents, salespersons, or property in the state." 99 Nev. at 237. It is entirely possible that one or more of the corporations which brought this suit do not have a constitutionally sufficient relationship or nexus between the corporation and this state to justify its being taxed; but such a claim is not pleaded in the complaint for declaratory relief, and there is nothing in the record to show that the trial court erred in upholding the constitutionality of this statute with regard to any of the named corporate complainants.

3. *Discrimination Against Interstate Commerce.*

NRS 369A.080(4) contains an anomolous provision, which, for reasons that are unclear to us, makes it a misdemeanor for a retail dealer to import from an unlicensed wholesaler; whereas it does not make it criminal for a retail dealer simply to purchase from an unlicensed wholesaler. Such a provision enables a retailer to purchase from a local wholesaler without threat of criminal action while risking prosecution when *importing* soft drinks from an out-of-state wholesaler.

This provision does not directly discriminate against out-of-state vendors, but it can be argued, as the corporations do, that imposing criminal sanctions on retailers for importing from unlicensed out-of-state wholesalers but not for purchasing from unlicensed in-state wholesalers might induce retailers to opt for the safety of restricting their purchases to in-state wholesalers. Credence is given to this argument by the state when it argues that the purpose of the statute is to encourage retail dealers to buy only from licensed in-state wholesalers.

The burden of proving the unconstitutionality of a statute is upon the person attacking that statute. Allen v. State of Nev., Pub. Emp. Ret. Bd., 100 Nev. 130, 676 P.2d 792 (1984); List v.

Whisler, 99 Nev. 133, 660 P.2d 104 (1983). The question, of course, is whether the penal statute encourages retailers to deal with in-state vendors instead of out-of-state vendors so as to avoid the risk of possible criminal prosecution. The corporations offered no evidence to show that this is the effect of the statute. Since the corporations have again failed to overcome the presumption of constitutionality, we refuse to invalidate the statute.

4. *Equal Protection of the Laws.*

The corporations claim that the statute discriminates among taxpayers who are similarly situated, in violation of the equal protection clause of the fourteenth amendment and article 4, section 21, of the Nevada Constitution.[2]

Appellants argue that the statute gives a competitive advantage to so-called "integrated companies," which manufacture soft drinks and also sell them at retail. Because there is no established "wholesale price" in an integrated operation, appellants contend that integrated companies can either avoid the tax altogether or, by establishing an artificially low "wholesale price," pay less than their fair share of the tax. This, of itself, does not make the statute discriminatory. It is undisputed that the tax is actually being paid by the integrated companies in question. We find no indication in the record that these companies are attempting to evade the tax. Any abuses which might occur are matters for administrative action. To accept appellants' argument is to assume that no such action will be taken. This we decline to do.

The remaining classifications challenged by appellants are based upon differences in the commodity or beverage being sold, or in the nature of the business being conducted. On the record before us, we cannot say that these classifications are arbitrary or irrational. *Cf.* Minnesota v. Clover Leaf Creamery Co., 449 U.S. 456 (1981), *reh'g denied*, 450 U.S. 1027 (1981) (statute banning sale of milk in plastic nonreturnable, nonrefillable containers, but permitting such sale in paperboard cartons, upheld); Caskey Baking Co. v. Virginia, 313 U.S. 117 (1941) (upheld statute imposing license tax on "peddlers at wholesale," but exempting other vendors); Henry's Restaurants of Pomona, Inc. v. State Bd. of Equal., 106 Cal. Rptr. 867 (Cal.App. 1973) (certain "take out" food taxable if purchased at "drive-in" restaurants, but not taxable if purchased at conventional restaurants; statute upheld).

---

[2]Nev. Const., art. 4, § 21: "In all cases enumerated in the preceding section, and in all other cases where a general law can be made applicable, all laws shall be general and of uniform operation throughout the State."

190

For these reasons, we reject appellants' contention that Chapter 369A denies them the equal protection of the laws.

5. *Other Claims of Error.*

The corporations' remaining arguments may be disposed of quickly. First, we are not persuaded that A.B. 371, codified in Chapter 369A, violated the "one subject" provision of the Nevada Constitution.[3] *See* T. & G. R. R. Co. v. Nev. Cal. T. Co., 58 Nev. 234, 75 P.2d 727 (1938).

Second, we reject the contention that Chapter 369A is an invalid amendment of the Sales and Use Tax Act. In Matthews v. State ex rel. Tax Comm'n, 83 Nev. 266, 428 P.2d 371 (1967), we upheld the validity of the School Support Tax against a challenge identical to that made by appellants. We believe the holding of *Matthews* is controlling and we decline to depart from it.

Chapter 369A is not unconstitutional on its face nor, on this record, in the manner that the chapter is applied to any of the appellant corporations. The judgment of the trial court is, therefore, affirmed.

MOWBRAY, GUNDERSON, STEFFEN and YOUNG, JJ., concur.

---

APPENDIX TO OPINION OF THE COURT

369A.010 *Definitions.* As used in this chapter, unless the context otherwise requires, the words and terms defined in NRS 369A.020 to 369A.070, inclusive, have the meanings ascribed to them in those sections.

369A.020 *"Retail dealer" defined.* "Retail dealer" means any person, other than a wholesale dealer, who:

1. Mixes, makes, compounds or manufactures from a syrup or powder any soft drink for sale at retail; or

2. Sells soft drinks, or syrups and powders used to make soft drinks, for any purpose other than resale in the regular course of business.

369A.030 *"Sale" defined.* "Sale" means any transfer, exchange, barter, gift, offer for sale, or distribution for consideration of soft drinks or syrups and powders used to make soft drinks.

369A.040 *"Soft drink" defined.*

1. "Soft drink" means any nonalcoholic beverage, whether or not carbonated, manufactured with or without the use of any syrup.

2. The term does not include:

(a) Milk in any form.

(b) Any formula used to replace milk in the feeding of infants.

---

[3]Nev. Const. art. 4 § 17: "Each law enacted by the legislature shall embrace but one subject, and matter, properly connected therewith, which subject shall be briefly expressed in the title; and no law shall be revised or amended by reference to its title only; but, in such case, the act as revised or section as amended, shall be re-enacted and published at length."

(c) Coffee or tea.

(d) Plain water.

(e) Natural undiluted fruit juice or vegetable juice, which is the liquid resulting from the pressing of natural fruit or vegetables with or without the addition of artificial or natural sugar, or the liquid resulting from the reconstitution of a concentrate of natural fruit or vegetable juice by the restoration of water to dehydrated natural fruit juice or vegetable juice with or without the addition of artificial or natural sugar.

369A.050 *"Syrup or powder used to make soft drinks" defined.* "Syrup or powder used to make soft drinks" includes the compound mixture or the basic ingredients, whether dry or liquid, domestically and commercially usable in making soft drinks by mixing or compounding it with carbonated or plain water, ice, fruit, milk or any other product suitable to make a soft drink.

369A.060 *"Wholesale dealer" defined.* "Wholesale dealer" means any person who sells any soft drink, or syrup or powder used to make soft drinks, to retail dealers for the purpose of resale.

369A.070 *"Wholesale price" defined.* "Wholesale price" means the established price for which a wholesale dealer sells soft drinks, or syrups and powders used to make soft drinks, to a retail dealer before any discount or other reduction is made.

369A.080 *Tax imposed; penalty.*

1. There is hereby imposed upon the privilege of importing for sale at retail or selling at wholesale soft drinks, and syrups and powders used to make soft drinks, in this state, a tax of 5 percent of the wholesale price of those commodities.

2. The provisions of subsection 1 do not apply to those commodities which are shipped out of the state for sale and use outside the state.

3. This tax must be paid by the wholesale dealer upon his sales of such commodities to retail dealers. The tax is due on or before the last day of the first month of each calendar quarter for sales during the preceding quarter. The wholesale dealer is entitled to retain 3 percent of the taxes collected to cover the costs of collecting and administering the taxes.

4. Any wholesale dealer who sells any such commodities without paying the tax provided for by this section is guilty of a misdemeanor. Any retail dealer who imports any such commodities from a person not licensed as a wholesale dealer is guilty of a misdemeanor.

369A.090 *Wholesale dealer's license; bond.*

1. Every person who desires to sell soft drinks, or syrups or powders used to make soft drinks, to any retail dealer in this state must obtain a wholesale dealer's license from the department and shall furnish a bond to the State of Nevada conditioned for the payment of all excise taxes due or to become due from him under the provisions of this chapter. Except as otherwise provided in subsection 3, each bond must be in a principal sum equal to the greatest excise tax paid by the dealer in any quarter of the preceding year, or if such a standard is not available, then in a sum required from a licensee operating under conditions deemed comparable by the department. In no case may a bond be for an amount less than $1,000. When cash or a certificate of deposit or investment certificate is used, the amount required must be rounded off to the next larger integral multiple of $100.

2. The bond or undertaking must be one acceptable to and approved by the department, and a deposit of cash or negotiable bonds of the United States Government may be accepted in lieu of an undertaking. The department shall deposit all such government bonds and cash deposits with the state treasurer as a custodian thereof.

3. Upon application and a satisfactory showing therefor, the department may, from time to time, increase or decrease the amount of the required bond, having consideration for the amount of taxable sales made by the

dealer. The department may waive the requirement of a bond pursuant to this section whenever a licensed dealer has maintained a satisfactory record of payment of excise taxes for a period of not less than 5 consecutive years.

369A.100 *Records.*

1. Every wholesale dealer must keep at his place of business complete and accurate records for that place of business, including copies of all invoices of soft drinks, and syrups and powders used to make soft drinks, which he holds, purchases and delivers or sells in this state. All records must be preserved for at least 3 years after the date of purchase or after the date of the last entry made on the record.

2. Every retail dealer shall keep at his place of business complete and accurate records for that place of business, including copies of all itemized invoices or purchases of such commodities purchased and delivered from wholesale dealers. The invoices must show the name and address of the wholesale dealer and the date of the purchase. All records must be preserved for 3 years after the date of the purchase.

369A.110 *Credits.*

1. The department shall allow a credit of 30 percent of the tax imposed pursuant to NRS 369A.080, less a discount of 3 percent for the services rendered in collecting the tax, for soft drinks, or syrups and powders used to make soft drinks, which may no longer be sold. If such commodities have been purchased and delivered, a manufacturer's credit memorandum is required for proof of returned merchandise.

2. A credit must also be granted for such commodities shipped from the State of Nevada and destined for retail sale and consumption outside the state on which the tax has previously been paid. A duplicate or copy of the invoice is required for proof of the sale outside the state.

3. A wholesale dealer may claim a credit by filing with the department the proof required by this section. The claim must be made on a form prescribed by the department.

369A.120 *Remittances.*

1. All amounts of tax required to be paid to the state pursuant to this chapter must be paid to the department in the form of remittances payable to the department.

2. The department shall deposit these payments with the state treasurer for credit to the account for the tax on soft drinks in the state general fund.

369A.130 *Penalty for nonpayment; extension of due date.* If the tax imposed by this chapter is not paid when due there must be added thereto a penalty of 5 percent, together with interest thereon at the rate of 1 percent per month, or any fraction thereof, from the date due until paid. The department may, for good cause, extend for not more than 15 days after the due date the time for paying the tax if a request for such an extension of time is received by the department on or before the due date. If such extension is granted, interest accrues from the original due date.