DEPARTMENT OF HUMAN RESOURCES, STATE OF NEVADA, AND JERRY GRIEPENTROG IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE NEVADA DEPARTMENT OF HUMAN RESOURCES, APPELLANTS, v. UHS OF THE COLONY, INC., DBA UNI-SCAN, RESPONDENT.

No. 17140

April 9, 1987                                              735 P.2d 319

[Rehearing Denied May 29, 1987]

*Brian McKay,* Attorney General, and *Bryan M. Nelson,* Deputy Attorney General, Carson City, for Appellants.

*Memel, Jacobs, Pierno, Gersh & Ellsworth* and *Donald Goldman,* Los Angeles; *Jones, Jones, Close & Brown* and *Kirk R. Harrison,* Las Vegas, for Respondent.

*Lionel, Sawyer & Collins* and *Dennis L. Kennedy,* Las Vegas, for Amicus Curiae National Care Services of Nevada, Inc.

# OPINION

*Per Curiam:*

On May 7, 1985, UHS of the Colony, Inc. (hereinafter Uni-Scan) notified the Department of Human Resources (hereinafter Department) of its intent to acquire a magnetic resonance imaging (MRI) machine at a cost of approximately 2.1 million dollars. MRI is a recent diagnostic innovation utilizing current technological advances which produces cross-sectional anatomical pictures and noninvasive imaging of soft tissues. The device was to be located in a parking lot adjacent to Valley Hospital in a mobile facility and available for outpatient use.

On June 12, 1985, the Department determined that the project was subject to "certificate of need" (CON) approval pursuant to NRS 439A because (1) the mobile facility was a health facility under NRS 439A.015 (1983); (2) Uni-Scan and Valley Hospital were both subsidiaries of Universal Health Services (UHS), and therefore the close proximity of the MRI would be an expenditure by or on behalf of an existing health facility; and (3) the legislature had recently adopted SB 136, effective July 1, 1985, amending NRS 439A.100 to require CON approval of any acquisition of major medical equipment costing more than $400,000. Since acquisition would occur after July 1, 1985, Uni-Scan was subject to review. Rather than apply for a certificate of need, Uni-Scan filed a petition for judicial review of the administrative agency decision.

The district court granted the petition and held that CON approval was not required because the proposed project was not a health facility nor was it acquired by or on behalf of a health facility. It also found the Department's prospective application of SB 136 to be erroneous.[1]

The Department contends that Uni-Scan's petition for judicial review was improperly granted because Uni-Scan failed to exhaust its administrative remedies. The Department argues that Uni-Scan must exhaust the CON application process before it can seek a determination that it is exempt from CON review. Uni-Scan, on the other hand, argues that if it is required to apply for a certificate of need, its claim that it is not subject to CON review becomes moot because it has already applied. Therefore, because it has no other remedy at law, judicial review was proper.

The district court asserted jurisdiction based on several NRS statutes, among them NRS 233B.130(1) which provides, in rele-

---

[1]The Department does not argue this finding on appeal. Therefore, we do not consider it. Williams v. Zellhoefer, 89 Nev. 579, 517 P.2d 789 (1973).

vant part, "[a]ny preliminary, procedural or intermediate act or ruling by an agency is immediately reviewable in any case in which review of the agency's final decision would not provide an adequate remedy." NRS 439A.105 (1983) provided for a hearing officer to hear and determine all appeals from decisions rendered pursuant to Chapter 439A.[2] There is no provision, however, for a determination that a party is not subject to NRS 439A. We agree that Uni-Scan had no adequate remedy at law and hold that the district court properly granted Uni-Scan's petition for judicial review.

The Department also contends that the district court erroneously concluded that Uni-Scan's MRI facility was not a health facility. Under the statutes in effect prior to July 1, 1985, a certificate of need was required for any proposed acquisition of medical equipment which would cost more than $400,000 and which would be *owned by or located at a health facility.* NRS 439A.100(2)(d) (1983) (emphasis added).[3]

NRS 439A.015 (1983) provided:

"Health facility" means a facility in which health services are provided. The term includes a:
1. Facility for rehabilitation of inpatients;
2. Facility for treatment of end-stage renal disease;
3. Freestanding unit for hemodialysis;
4. Home health agency;

---

[2]NRS 439A.105 (1983) was repealed by Acts 1985, ch. 454 § 28, p. 1367.

[3]NRS 439A.100 (1983) provided, in pertinent part:

1: No person may undertake any project described in subsection 2 without first applying for and obtaining the written approval of the director. The health division of the department of human resources shall not issue a new license or alter an existing license for any project described in subsection 2 unless the director has issued such an approval.

2. The projects for which this approval is required are as follows:
. . .
(d) The proposed acquisition of any medical equipment which would cost more than $400,000, or such an amount as the department may specify by regulation, and which would be owned by or located at a health facility;
. . .
3. Upon receiving an application for approval, the director or office shall consider any recommendation of a health systems agency. A decision to approve or disapprove the application must generally be based on the need for services, utilizing criteria, established by the department by regulation, which are consistent with the purposes set forth in NRS 439A.020 and with the goals and priorities of the health plans developed pursuant to the Federal Act. The director may base his decision upon the recommendation of his staff concerning the need for services.

5. Hospital;
6. Institution for treatment of tuberculosis;
7. Intermediate care facility;
8. Psychiatric hospital;
9. Skilled nursing facility; or
10. Surgical center for ambulatory patients.

NRS 439A.017 (1983) provided:

"Health services" means the care and observation of patients, the diagnosis of human diseases, the treatment and rehabilitation of patients, or related services. The term includes treatment of patients for alcohol or drug abuse, services related to mental health and diagnostic services.

Read together, the language of these statutes would appear to include Uni-Scan's MRI facility since it provides a diagnostic service. However, the Department has also stated that physicians' offices and medical office buildings are not health facilities subject to review under Nevada's certificate of need laws even when they contain advanced diagnostic equipment. Uni-Scan argued, and the district court agreed, that its diagnostic facility fell under the physician's office exemption.

The real issue is whether NRS 439A.015 (1983) should be construed narrowly or broadly. Uni-Scan's mobile facility falls somewhere in between a physician's office and the facilities enumerated in NRS 439A.015 (1983). We hold that the failure to specifically enumerate Uni-Scan's mobile facility in NRS 439A.015 (1983) does not prevent its inclusion as a health facility. The Department determined that the creation of a diagnostic center for the exclusive purpose of providing specialized health services is a health facility within the meaning and intent of NRS 439A.015 (1983). An administrative construction that is within the language of the statute will not readily be disturbed by the courts. Public Emp. Ret. v. Washoe Co., 96 Nev. 718, 722, 615 P.2d 972, 975 (1980). We hold that Uni-Scan's MRI facility providing diagnostic health services is properly within the definition of a health facility and therefore subject to the certificate of need provision of NRS chapter 439A (1983).

It is not necessary to reach the other issues raised on this appeal. We therefore reverse the district court's determination that Uni-Scan's mobile MRI facility is not a health facility subject to certificate of need approval and remand for proceedings consistent with this decision.