FREDERICK T. BOULWARE, JR., M.D., AND BOULWARE NEUROLOGY CONSULTANTS, LTD., APPELLANTS, v. STATE OF NEVADA, DEPARTMENT OF HUMAN RESOURCES; NATIONAL CARE SERVICES CORPORATION OF NEVADA, A NEVADA CORPORATION DBA SUNRISE DIAGNOSTIC CENTER, RESPONDENTS.

No. 17422

May 27, 1987                                    737 P.2d 502

*Wm. Patterson Cashill,* Reno, for Appellants.

*Brian McKay,* Attorney General, and *Brian M. Nelson,* Deputy Attorney General, Carson City; *Lionel, Sawyer & Collins* and *Dennis Kennedy,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Frederick T. Boulware, Jr. is a board-certified physician specializing in neurology. He provides medical treatment and diagnoses his patients' neurological disorders at his office in Las Vegas. On May 30, 1985, the Department of Human Resources (hereinafter Department) filed a complaint to enjoin Dr. Boulware from acquiring a magnetic resonance imaging (MRI) machine or constructing a facility to house an MRI without obtaining a certificate of need letter of approval from the Department as required by NRS 439A.100 (1983).

On June 28, 1985, National Health Care Services Corporation of Nevada (hereinafter NHCS) was allowed to intervene as a plaintiff in the action. NHCS had received Department CON

approval to operate the only MRI device in southern Nevada. On March 17, 1986, the district court issued an amended order granting summary judgment in favor of the Department and NHCS, and enjoined Boulware from using his MRI. The district court held that the Department's determination—that Boulware's MRI project was a health facility subject to review—was not arbitrary or capricious, or in violation of NRS Chapter 439A. It also held that Boulware had not exhausted his administrative remedies. However, after the parties' oral argument before this court, we stayed the district court's injunction pending this decision.

We previously held that a party is not required to exhaust the certificate of need application process before it can seek a judicial determination that it is exempt from CON review. *See* Dep't Human Res. v. UHS Of The Colony, 103 Nev. 208, 735 P.2d 319 (1987). Furthermore, we hold that NRS Chapter 439A (1983) was not intended to require private physicians to submit to CON review. The purpose of NRS Chapter 439A (1983) is to help limit unnecessary expenditures that result in increased health care costs. The Department of Human Resources has been given the responsibility of reviewing CON applications. NRS 439A.100 (1983). However, the Department may not act outside the meaning and intent of the enabling statute. *See* Andrews v. Nev. St. Bd. Cosmetology, 86 Nev. 207, 467 P.2d 96 (1970).

Under the statues in effect at the time this suit was filed, a certificate of need was required for any proposed acquisition of medical equipment which would cost more than $400,000 and which would be *owned by or located at a health facility.* NRS 439A.100(2)(d) (1983) (emphasis added). The legislature never intended that private physicians' offices would come under the definition of a health facility.[1] This was clarified in 1985, when

---

[1] NRS 439A.015 (1983) provided:

"Health facility" means a facility in which health services are provided. The term includes a:
1. Facility for rehabilitation of inpatients;
2. Facility for treatment of end-stage renal disease;
3. Freestanding unit for hemodialysis;
4. Home health agency;
5. Hospital;
6. Institution for treatment of tuberculosis.
7. Intermediate care facility;
8. Psychiatric hospital;
9. Skilled nursing facility; or
10. Surgical center for ambulatory patients.

NRS 439A.017 (1983) provided:

"Health services" means the care and observation of patients, the diagnosis of human diseases, the treatment and rehabilitation of patients, or related services. The term includes treatment of patients for alcohol or drug abuse, services related to mental health and diagnostic services.

the legislature amended NRS Chapter 439A and specifically exempted the "office of a practitioner used solely to provide routine services for health to his patients."[2] NRS 439A.015 (1985). An administrative agency may not under the guise of interpretation extend a statute to include persons not intended to be included, nor may it give the statute any greater effect than its language allows. Marsh v. Finley, 389 A.2d 490, 492 (N.J.Super.Ct.App.Div. 1978).

We have considered the other issues raised in this appeal and find them to be without merit. We conclude, therefore, that Boulware is entitled to judgment as a matter of law. Accordingly, we reverse the district court's judgment against Boulware and order the permanent injunction dissolved. We remand this matter to the district court for entry of judgment in favor of Boulware.

---

[2]Under amended NRS 439A.100(2)(7) (1985), any proposed acquisition of medical equipment exceeding $400,000 is subject to CON review. The legislative history indicates that the intent of the amendment was to continue the doctor's office exemption but close a "loophole" and make them subject to CON review if they purchased expensive medical equipment.