ROLAND D. WESTERGARD, Chairman of the Department of Personnel Employee-Management Committee; DEPARTMENT OF PERSONNEL; and DEPARTMENT OF MOTOR VEHICLES and PUBLIC SAFETY, HIGHWAY PATROL DIVISION, Appellants, v. GERALD BARNES, Respondent.

No. 19752

December 20, 1989           784 P.2d 944

*Brian McKay,* Attorney General, *Chan G. Griswold,* Deputy Attorney General, Carson City, for Appellants.

*Walter R. Tarantino,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of the district court holding that the Highway Patrol Division of the Department of Motor Vehicles and Public Safety (Department) failed to follow proper statutory procedures for promotion and reinstatement and that the department breached its covenant of good faith and fair dealing with Trooper Gerald Barnes. Because the Employee-Management Committee (EMC) did not adequately address the issues and because both the EMC and the district court rendered findings of fact and conclusions of law based upon erroneous law, we reverse and remand.

On September 26, 1986, a statewide divisional promotional list (hereinafter referred to as "the list") was established containing the names of sixteen individuals, including Barnes, eligible for promotion to sergeant. On February 19, 1987, five names remained on the list. The Department then made two appointments to sergeant, one in Fernley and one in Las Vegas. On October 19, 1987, three names remained on the list, and the Department made two more sergeant appointments: one to Winnemucca and one to Indian Springs. Barnes declined appointment to both the February 19, 1987, and October 19, 1987, positions.

Following the October 19, 1987, appointment, the only name remaining on the original list of sixteen was that of Trooper Barnes. Barnes had made it clear to the Department that he desired a sergeant's position within the Reno/Carson City area only. He rejected the appointments of February and October because the positions were not in the desired locations.

On October 28, 1987, a Sergeant Allen vacated a sergeant's position. (Barnes contends the vacancy opened a position in Carson City, but the state contends it opened in Las Vegas.) One week later the Department of Motor Vehicles requested the Department of Personnel to abolish the list that contained just one name: Gerald Barnes.

On November 23, 1987, former Nevada Highway Patrol Lieutenant William Garteiz submitted an employment application. On December 3, 1987, the Department offered him the position of sergeant, and he accepted. Although there is a dispute as to where the position opened, Garteiz was in fact assigned to Carson City. At the time of his reinstatement, Garteiz had not worked for the

Department for six years. During this absence Garteiz had allowed his Police Officer Service and Training Certificate (P.O.S.T. Certificate) to lapse.

On December 22, 1987, Trooper Barnes filed a grievance with the Department asserting that on December 21, 1987, Garteiz was improperly appointed to the position of sergeant in Carson City. Barnes' grievance alleged that the appointment was in violation of specific statutory provisions under NRS Chapter 284 and various rules and regulations of the Nevada Administrative Code.

Barnes' grievance was denied, and he then appealed the denial to the EMC, which held a hearing on March 22, 1988. After considering the testimony taken and the other evidence presented at the hearing, the EMC split in a 2-2 vote on April 19, 1988, thereby upholding the denial of Trooper Barnes' grievance and the appointment of Garteiz as sergeant in Carson City.

On May 17, 1988, Barnes filed a petition for judicial review of the EMC's decision. The district court conducted a hearing on November 3, 1988, and entered findings of fact, conclusions of law and judgment in favor of Barnes. The district court found in pertinent part:

> 1. that the EMC made an incorrect determination that reinstatement to a classified position may be made outside the competitive process as required by Chapter 284;
> 2. that NRS 284.330 in its application is subject to all other conditions of Chapter 284, including the competitive employment process;
> 3. that the State of Nevada, as Barnes' employer, breached a covenant of good faith and fair dealing (a) by abolishing the "list" of which Barnes was the last remaining member, and (b) by failing to consider Barnes for the sergeant's position; and
> 4. that Garteiz was not qualified for the sergeant's position because (a) at the time of his appointment he was not minimally qualified by having obtained a P.O.S.T. certificate and (b) he did not take the competitive examination for sergeant as required by NRS 284.250 to be placed on the "eligible list."

The following review of the issues presented will show that the EMC could not render a proper decision due to a split in interpretation of the applicable law. Additionally, the district court based its decision on an erroneous application of the law; thus, we shall remand the matter to the district court with instructions to con-

form with the mandate of NRS 233B.140(5) which provides for judicial remand to the administrative body.

The court found that on October 28, 1987, a sergeant's position became available in Carson City, Nevada. However, EMC did not list a date on which the position became open in either Carson City or Las Vegas. The date the position became open and its location are crucial to the determination of whether the Department acted lawfully and whether it breached its covenant of good faith and fair dealing with Barnes. Although the district court may not have substituted its own judgment for that of the EMC, we find that this issue should have been remanded to the EMC. The EMC should have the opportunity to address adequately the factual question of where and when the sergeant's position opened. NRS 233B.140(5) provides that the judicial remedy for factual lacunae resulting from an administrative hearing is a remand to the fact finding administrative body. *See* Nevada Indus. Comm'n v. Horn, 98 Nev. 469, 653 P.2d 155 (1982).

The second issue before this court regards Garteiz's qualifications to hold the sergeant's position. The district court found that Garteiz' P.O.S.T. had lapsed and that, therefore, Garteiz was not eligible for the sergeant's position. Although Garteiz' qualifications are extensively discussed in the record, the EMC made no specific finding as to his qualifications for the sergeant's position.

Based on the record, it appears as though the EMC discussions regarding Garteiz' qualifications were based upon hearsay, inadequate evidence, and witnesses who were not qualified to testify on this matter. Since the EMC did not issue a finding of fact on this issue, the district court should have remanded the matter to the EMC so that the EMC could hear witnesses familiar with the P.O.S.T. requirements.

The next issue we address regards that district court's finding that the EMC erred in determining that reinstatement to classified positions may be made outside the competitive examination process. The court reasoned that the only non-competitive appointments that are allowed by statute are those contained in NRS 284.305. The court concluded that the legislature did not intend to include reinstatements such as that of Garteiz under NRS 284.330 as an exception to the competitive examination.

A recent amendment of NRS 284.305 clarifies the exceptions to the requirement that appointments in the classified service be filled by competition.[1] 1989 Nev. Stats. ch. 591. Section 2 of Chapter 591 specifically ratifies any appointment made without competition pursuant to NRS 284.330. The state maintains that this section applies to the appointment of Garteiz, which was found by the district court to be unlawful. The state submits that the district court erred as a matter of law in concluding that reinstatement of a former employee is subject to the competitive process in NRS 284.250. We agree.

The legislature was within its province in amending and clarifying the applicable statute. There was a great deal of confusion regarding the reinstatement provisions, and it appears as though there had been a long standing interpretation of the Department of Personnel that reinstatement appointments are a noncompetitive process. An administrative construction of the language of a statute will not be readily disturbed by the courts. Department of Human Resources v. UHS of the Colony, Inc., 103 Nev. 208, 211, 735 P.2d 319, 321 (1987). We conclude that the Department did not act improperly when it determined that Garteiz could be reinstated without making him participate in the competitive process.

### Conclusion

Because the EMC did not adequately address the issues presented by the parties in this case and because both the EMC and the district court rendered findings of fact and conclusions of law based upon a misunderstanding of the law, we reverse the judgment of the district court in all respects and remand this case to the district court with instructions to return the case to the EMC as indicated above.

---

[1] In Roberts v. State, 104 Nev. 33, 752 P.2d 221 (1988), we discussed the effect of a legislative clarification of existing law. We stated: "Where a former statute is amended, or a doubtful interpretation of a former statute rendered certain by subsequent legislation, it has been held that such amendment is persuasive evidence of what the Legislature intended by the first statute." *Id.* at 38, 752 P.2d at 224.