STATE OF NEVADA, STATE ENVIRONMENTAL COM-
MISSION, DEPARTMENT OF CONSERVATION AND
NATURAL RESOURCES, DIVISION OF ENVIRON-
MENTAL PROTECTION, Appellants, *v.* JOHN
LAWRENCE NEVADA, a Nevada Corporation,
Respondent.

No. 22121

July 6, 1992                                              834 P.2d 408

[Rehearing denied August 31, 1992]

*Frankie Sue Del Papa,* Attorney General, *Brian Chally,* Senior
Deputy Attorney General, Carson City, for Appellant Depart-
ment of Conservation and Natural Resources, Division of Envi-
ronmental Protection.

*Debra Winne Jeppson,* Deputy Attorney General, Carson City,
for Appellant State Environmental Commission.

*Allison, MacKenzie, Hartman, Soumbeniotis & Russell* and
*Karen A. Peterson,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

Appellant, the State of Nevada Department of Conservation & Natural Resources, Division of Environmental Protection (DEP), issued an air quality permit to respondent John Lawrence Nevada, Inc. in January of 1989. This permit allowed John Lawrence to construct a housing subdivision and golf course in Dayton, Nevada. The permit also required John Lawrence to control fugitive dust from disturbed areas "using best practical methods."

Construction of the project began on March 27, 1989. John Lawrence attempted to control the dust raised by its activities with water trucks, sprinklers, and chemical palliatives. Weather reports were taken twice a day, and the project was occasionally shut down when extremely windy conditions arose. John Lawrence spent over $250,000 on dust suppression measures.

Despite the attempts by John Lawrence to control dust emissions, several instances of dust disturbance were observed by DEP personnel and residents living near the project. During the period of construction, DEP issued twelve Notices of Alleged Violation (Notices) to John Lawrence for dust disturbances.[1] John Lawrence contested eleven of the Notices in three hearings before the appellant State Environmental Commission (Commission).[2] The Commission affirmed seven and vacated four of the Notices, and fined John Lawrence $20,750.00.

---

[1]Two additional Notices were given to John Lawrence for dust disturbances on the second day of the project. These Notices were later reduced to warnings.

[2]John Lawrence paid the fine for one Notice issued on June 15, 1989.

John Lawrence filed a petition seeking judicial review of the Commission's decision. The district court reversed the decision of the Commission and vacated the Notices and fines. The three Notices that were based upon violations of NAC 445.696 and the air quality permit issued to John Lawrence, were vacated on grounds that both the regulation and the permit were unconstitutionally vague. The three Notices that were based upon violations of NAC 445.734(1) and (2) were also vacated as a result of the court's determination that NAC 445.724(3) exempted John Lawrence's activities from those regulations. DEP and the Commission now challenge the district court's rulings on appeal.[3]

*Constitutionality of NAC 445.696.*

NAC 445.696, in relevant part, provides that a Notice shall be issued to any owner or operator who "[f]ails to construct and operate a source in accordance with the conditions imposed by the director which appear on the permit to construct or operating permit." Therefore, the validity of the NAC 445.696 violations depends in large measure on the underlying validity of the language of the air quality permit. The provision of the air quality permit which the district court found to be impermissibly vague requires that "fugitive dust from all disturbed areas must be controlled by an ongoing program using best practical methods such as watering, chemical stabilization or other controls approved by the Air Quality Officer."

The Supreme Court announced the standard applicable to a challenge to a non-criminal regulation on vagueness grounds in Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489 (1982). Where, as here, a regulation circumscribes no constitutionally protected conduct, a court should uphold a facial vagueness challenge only if the regulation is impermissibly vague in all of its applications. *Id.* at 494-95. *Accord* Westinghouse Beverage Group v. Department of Taxation, 101 Nev. 184, 698 P.2d 866 (1985). Therefore, John Lawrence may not challenge the regulation for vagueness if its conduct clearly falls within the proscribed activity. *Hoffman,* 455 U.S. at 495.

Whether NAC 445.696 is unconstitutionally vague as applied to John Lawrence is a mixed question of law and fact; thus, the findings of the Commission were entitled to deference by the district court. *See* NRS 233B.135(3). Our role is to determine

---

[3] Appellants are not contesting the district court's reversal of one Notice issued under NAC 445.664.

whether the agency decision was arbitrary or capricious, thus constituting an abuse of its discretion. Titanium Metals Corp. v. Clark County, 99 Nev. 397, 399, 663 P.2d 255, 257 (1983).

We have concluded that the requirement that a permittee control the dust it disturbs is not unconstitutionally vague as applied to John Lawrence's activities. Though not a precise standard, the requirement to control dust was sufficiently clear to give John Lawrence notice that its activities were in violation of its permit, and thus in violation of NAC 445.696.[4] Just as regulations that do not implicate constitutional rights need not be as precise as those that do, greater tolerance for inexactitude exists for regulations which carry a civil rather than a criminal penalty for their violation "because the consequences of imprecision are qualitatively less severe." 455 U.S. at 499. Also, a regulated enterprise may seek clarification of a regulation by inquiry or by resort to an administrative process. *Id.* at 498. NAC 445.696 is not unconstitutionally vague.

In addition, it appears that the regulations were not arbitrarily enforced. The Notices were only issued when the dust was clearly out of control. John Lawrence was given ample opportunity to explain its actions and contest the Notices before the Commission. Notices that were issued for occasions of dust emissions later determined by the Commission to be uncontrollable or not traceable to John Lawrence were vacated. Accordingly, we also conclude that the language of the air quality permit was not unconstitutionally vague nor arbitrarily enforced, and therefore the permit did not invalidate the Notices issued under NAC 445.696.

*Applicability of NAC 445.734.*

The version of NAC 445.734 in effect at the time in issue provided:

> 1. No person may cause or permit the handling, transporting or storing of any material in a manner which allows or may allow controllable particulate matter to become airborne.
> 2. In any area designated by the director, no person may cause or permit the construction, repair, demolition or use

---

[4]John Lawrence admitted that it had been unable to control the dust. The project manager stated:

> [W]e have always had the proper amount of equipment out there to control the dust in controllable situations. The problem was on the days that it had gotten away, again it was human error. We had made a bad decision as to whether to continue or whether to stop and immediately run the water trucks.

of unpaved or untreated areas without first applying any measures required by the director to prevent particulate matter from becoming airborne.

    3.  No person may disturb or cover 20 acres (8 hectares) or more of land or its topsoil, other than agricultural land, until he has obtained a permit to construct or operating permit for the purpose of clearing, excavating or leveling the land or an operating permit for the deposit of any foreign material to fill or cover the land.

The district court determined that subsections one and two above are inapplicable to subsection three permittees. Since John Lawrence obtained a permit to disturb more than twenty acres, the court held that John Lawrence was not bound by NAC 445.734(1) or (2), and dismissed the Notices that were based upon the latter regulatory provisions.

The district court's conclusion was contrary to the position of DEP personnel, who testified that subsection three permittees are not exempted from the fugitive dust prohibition of the regulation. John Lawrence admits that "[a]n administrative construction that is within the language of the statute will not be readily disturbed by the courts" (citing Department of Human Resources v. UHS of the Colony, Inc., 103 Nev. 208, 211, 735 P.2d 319, 321 (1987)). We are convinced that the district court erred in rejecting the DEP's interpretation of the regulation, which we perceive to be consistent with its plain meaning. We therefore reverse the district court's ruling that NAC 445.734(1) and (2) were inapplicable to John Lawrence.

For the reasons specified above, the order of the district court is reversed and the matter remanded with instructions to reinstate the six Notices and the fines imposed in connection therewith.[5]

---

[5]We reject as meritless John Lawrence's claim that it was subjected to double jeopardy because it received two Notices for each dust disturbance—one for violation of NAC 445.734, and one for violation of NAC 445.696.