*931
 
 OPINION
 

 Per Curiam:
 

 BACKGROUND
 

 William Fournier (Fournier) injured his back in a work-related accident while employed by appellant Installation & Dismantle, Inc. (I&D). The injury resulted in permanent physical impairment which limited Fournier’s ability to lift heavy objects. That impairment, together with an absence of other marketable skills, made Fournier unemployable. Consequently, the SIIS implemented several vocational rehabilitation programs to return Four-nier to gainful employment as a motorcycle mechanic.
 

 The initial rehabilitation program included on-the-job training in Las Vegas and vocational training in Los Angeles, California. While Fournier was training in Los Angeles, the SIIS provided him with an $84.00 per diem allowance to cover his additional living expenses. Subsequently, the SIIS decided to send Fournier to Phoenix, Arizona, for additional training and certification. This time, however, no per diem allowance was provided. Consequently, Fournier requested that the SIIS supply him with $200.00 per month for trailer space rental. That request was denied. Fournier appealed that decision to the Nevada Department of Administration Hearing Officer. Again, Fournier’s request was denied.
 

 As a result, Fournier appealed the Hearing Officer’s decision to the Nevada Department of Administration Appeals Officer, who ordered the SIIS to pay the requested benefits. I&D appealed that decision to the district court. The district court concluded that there was substantial evidence in the record to support the Appeals Officer’s determination that Fournier was entitled to a trailer space rental allowance, and it denied appellant’s petition for judicial review. This appeal ensued.
 

 
 *932
 

 LEGAL DISCUSSION
 

 This court’s role in reviewing an administrative decision is identical to that of the district court: to review the evidence presented to the agency in order to determine whether the agency’s decision was arbitrary or capricious and was thus an abuse of the agency’s discretion. Titanium Metals Corp. v. Clark County, 99 Nev. 397, 399, 663 P.2d 355, 357 (1983).
 
 See
 
 NRS 233B.135; State Envtl. Comm’n v. John Lawrence Nev., 108 Nev. 431, 433-34, 834 P.2d 408, 410 (1992). “Administrative agencies may receive and weigh evidence and a reviewing court may not substitute its judgment on questions of fact.” Southwest Gas v. Woods, 108 Nev. 11, 15, 823 P.2d 288, 290 (1992) (citations omitted). On questions of fact, this court is limited to determining whether substantial evidence exists in the record to support the administrative agency’s decision.
 
 See
 
 SIIS v. Swinney, 103 Nev. 17, 20, 731 P.2d 359, 361 (1987). Although a reviewing court may decide pure legal questions without deference to an agency determination, an agency’s conclusions of law which are closely related to the agency’s view of the facts are entitled to deference. SIIS v. Khweiss, 108 Nev. 123, 126, 825 P.2d 218, 220 (1992). Substantial evidence is “ ‘that quantity and quality of evidence which a reasonable [person] could accept as adequate to support a conclusion.’” State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 608 n.1, 729 P.2d 497, 498 n.1 (1986) (quoting Robertson Transp. Co. v. P.S.C., 159 N.W.2d 636, 638 (Wis. 1968)).
 

 Substantial evidence
 

 If an injured worker is physically unable to return to the job he held before his industrial injury, the injured worker is eligible to receive rehabilitative services.
 
 See
 
 NAC 616.076. Moreover, an injured worker is entitled to the reasonable expenditures necessary to return him or her to gainful employment.
 
 See
 
 NAC 616.074. It is uncontroverted that Fournier’s industrial injury made him unable to return to his former occupation. Moreover, the parties do not dispute that Fournier was entitled to rehabilitative services. The only controversy is whether Fournier was entitled to receive additional living expenses while he attended vocational classes in Phoenix, Arizona. The resolution of that controversy turns on whether Fournier’s request for additional living expenses was reasonable. NAC 616.074.
 

 In determining that Fournier’s request for additional living expenses was reasonable the Appeals Officer reasoned that:
 

 
 *933
 
 7. The referral of [Fournier] to the Phoenix school was a reasonable and logical extension of his vocational rehabilitation program. However, in light of the succession of rehabilitation programs implemented on behalf of [Fournier] and the various modifications and changes that were undertaken in connection with those programs, [Fournier] reasonably expected a possibility of further amendments to his rehabilitation program. Furthermore, in light of the State System’s prior program which allowed a per diem expense to be paid in connection with out[-]of[-]state training and the additional expenses associated with out[-]of[-] state training while maintaining a Las Vegas residence, [Fournier’s] request for a $200.00 per month stipend was not unreasonable. Such an expense is an appropriate undertaken [sic] in light of the nature of the program developed for [Fournier] in his case.
 

 Conversely, I&D contends that the record is devoid of any evidence to establish and support the Appeals Officer’s finding that Fournier’s request for rent was reasonable, that he was maintaining a Las Vegas residence, or that Fournier reasonably expected anything. Moreover, I&D contends that Fournier was not planning to maintain a Las Vegas residence while attending vocational classes in Phoenix.
 

 After careful consideration of the record, we conclude that there are no grounds for granting Fournier additional living expenses. Although the decision to send Fournier to Phoenix for vocational training may be reasonable, there is no evidence that additional living expenses were reasonable or necessary. Four-nier would have incurred living expenses whether he remained in Las Vegas or went to Phoenix for training. Fournier had the burden of proving that he was duplicating living expenses while attending vocational training classes in Phoenix. He failed to do so. Consequently, the Appeals Officer’s decision that Fournier’s request for additional living expenses was reasonable is not supported by the record, and is, therefore, arbitrary and capricious.
 

 Accordingly, the district court’s order denying appellant’s petition for judicial review is reversed, and the case is remanded to the district court to reinstate the decision of the Nevada Department of Administration Hearing Officer denying Fournier’s request for additional living expenses.