ROBERT ALLAN MENGELKAMP AND GARY MENGELKAMP, PETITIONERS, v. ROBERT LIST, ATTORNEY GENERAL OF THE STATE OF NEVADA, JOHN KOONTZ, SECRETARY OF STATE OF THE STATE OF NEVADA, AND H. K. BROWN, COUNTY CLERK OF WASHOE COUNTY, NEVADA, RESPONDENTS.

No. 6993

October 10, 1972        501 P.2d 1032

*Charles E. Springer,* of Reno, for Petitioners.

*Robert List,* Attorney General, and *Margie Ann Richards,* Deputy Attorney General, of Carson City; *Robert E. Rose,* District Attorney, and *John Frankovich,* Deputy District Attorney, Washoe County, for Respondents.

## OPINION

*Per Curiam:*

Petitioner Robert Allan Mengelkamp (age 19) has filed a declaration of candidacy with respondent H. K. Brown, the

County Clerk of Washoe County, seeking to have his name placed on election ballots for the office of State Senator. Petitioner Gary Mengelkamp (age 18) has filed a declaration of candidacy for the office of Assemblyman. Petitioners ask this court for a writ of mandamus, commanding respondent Brown to place their names on the ballots, which he refuses to do on the advice of the respondent Attorney General.

The Nevada Constitution provides that "Senators and members of the assembly shall be duly qualified electors in the respective counties and districts which they represent" (Art. 4, § 5); that "[n]o person holding any lucrative office under the Government of the United States or any other power, shall be eligible to any civil office of Profit under this State" (Art. 4, § 9); and that embezzlers of public funds, and certain other specified criminal offenders, are disqualified from holding offices of profit or trust (Art. 4, § 10).

While our Constitution is silent as to age qualifications for Senators and Assemblymen, our legislature has declared they must be qualified electors, citizens resident of this state for 1 year next preceding their elections, and must have attained the age of 21 years at the time of election. NRS 218.010. It is because petitioners do not meet the age requirements of NRS 218.010 that the respondent Clerk has refused to place their names on the ballot.

Petitioners contend the Nevada Constitution states not merely the minimum but the maximum qualifications for the offices thereby created; thus they urge us, on that basis, to hold NRS 218.010 unconstitutional because they are qualified electors.[1] They urge that the legislature "may not add to or subtract

---

[1]As last amended in 1971, Art. 2, § 1, of the Nevada Constitution grants suffrage to persons who have attained the age of 18 years, as follows:

"Section 1. *Right to vote; qualifications of electors; qualifications of nonelectors to vote for President, Vice President of United States.* All citizens of the United States (not laboring under the disabilities named in this constitution) of the age of eighteen years and upwards, who shall have actually, and not constructively, resided in the state six months, and in the district or county thirty days next preceding any election, shall be entitled to vote for all officers that now or hereafter may be elected by the people, and upon all questions submitted to the electors at such election; *provided,* that no person who has been or may be convicted of treason or felony in any state or territory of the United States, unless restored to civil rights, and no idiot or insane person shall be entitled to the privilege of an elector. There shall be no denial of the elective franchise at any election on account of sex. The legislature may

from" the requirements in Article 4 of the Constitution. However, this court has previously said, and we believe correctly: "The constitution defines the qualifications of an elector, but the legislature may prescribe reasonable qualifications for an elector who may desire to become a candidate, providing such qualifications are not in conflict with some constitutional provisions." Riter v. Douglass, 32 Nev. 400, 435, 109 P. 444, 455–456 (1910).

Petitioners also contend that whether they be legally qualified or not, still the respondent Clerk should be required to place their names on the ballots, and defer any decision of whether they should sit to the determination of the legislative body they desire to serve. The only support offered for this contention is Article 4, Section 6, of our Constitution which provides: "Each House shall judge the qualifications, elections and returns of its own members." In other words, it seemingly is petitioners' position that although a would-be candidate is admittedly disqualified to serve for one or a dozen reasons, election officials must place his name on the ballot; that he may seek the preference of the voters over qualified candidates; and that if he attracts sufficient votes, then the House in which he seeks to serve may seat him, if it chooses. We reject this contention.

Petitioners contend that it is unreasonable, and an abridgment of their "privileges and immunities," to require that persons be 21 years of age to serve in our legislature, when they possess the right to vote at 18. Whenever the legislature draws a line, there often is little demonstrable difference between cases on opposite sides of the line and closest to it. Still, unless it be demonstrated that there is clearly no rational and legitimate reason for the distinction drawn, we must uphold the law. Acts of our legislature are presumptively constitutional. State of Nevada v. Irwin, 5 Nev. 111 (1869).

Petitioners suggest that NRS 218.010 was repealed by implication when the people voted in 1971 to amend our Constitution to grant 18-year-olds the right to vote. Implied repeal of

provide by law the conditions under which a citizen of the United States who does not have the status of an elector in another state and who does not meet the residence requirements of this section may vote in this state for President and Vice President of the United States."

one law through enactment of another does not occur, save when one is irreconcilably repugnant to the other, or by some other means intent to abrogate the earlier law is made evident. Thorpe v. Schooling, 7 Nev. 15 (1871). We cannot say that members of the public who cast their ballots to allow 18-year-olds to vote thereby manifested intent to abolish age requirements theretofore imposed on candidates for state office.

Accordingly, the writ must be denied.