**Claire MacDONALD, Petitioner,**

v.

**CITY OF HENDERSON, et al., Respondents.**

**No. CV–S–93–234–PMP (RJJ).**

United States District Court, D. Nevada.

April 1, 1993.

Garry L. Hayes, Hayes & Gourley, Las Vegas, NV, for petitioner.

Ronald Sailon, Deputy City Atty., City of Henderson, Henderson, NV, for respondents.

## ORDER

PRO, District Judge.

On March 19, 1993, Plaintiff Claire Mac-Donald ("MacDonald") filed a Motion for Preliminary Injunction, or, in the alternative, for Temporary Restraining Order (# 5). On March 23, 1993, Defendants filed a Response to Plaintiff's Supplemental Points and Authorities (# 8), which is Exhibit D of Plaintiff's Motion (# 5). On March 25, 1993, Defendants filed their Opposition (# 9). On March 26, 1993, MacDonald filed her Reply (# 10). Oral argument was heard on this matter on March 29, 1993.

### I. *Overview*

Petitioner MacDonald seeks to run for the office of the City Council of Henderson, Ward III in the upcoming May, 1993 election. Although MacDonald has been a resident of Clark County, Nevada since 1983, she has only resided within the city limits of Henderson, Nevada since March 1, 1993. Under the Henderson City Charter any person who desires to run for City Council must be "an actual and bona fide resident of the territory which is established by the boundaries of the city for at least 12 months immediately preceding the last day for filing a declaration of candidacy for the office." Henderson City Charter, Section 2.010(3)(a).[1]

Based on her inability to meet the 12 month residency requirement, MacDonald seeks a preliminary injunction preventing the enforcement of Section 2.010(3)(a). In support of such relief, MacDonald makes two arguments. First, MacDonald argues that Section 2.010(3)(a) violates Article 2, Section 1 and Article 15, Section 3 of the Nevada State Constitution. Second, MacDonald argues that the 12 month residency requirement violates the equal protection clause of

---

1. It should be noted that until March 30, 1993, when the City of Henderson, the Nevada Legislature, and the Governor of the State of Nevada acted to amend the Henderson City Charter, the residency requirement was three years.

the Fourteenth Amendment of the United States Constitution.

## II. Discussion

### A. Residency Requirements Under the Nevada Constitution

■ The gravamen of MacDonald's first argument that a one year residency requirement violates the Nevada Constitution is that a cumulative reading of Article 2, Section 1 and Article 15, Section 3 limits the City of Henderson from imposing any residency requirement stricter than living 6 months within Nevada and 30 days within the district where representation is being sought. See Motion (# 5) at 6; Reply (# 10) at 9–12. This Court must disagree.

■ Article 2, Section 1 of the Nevada Constitution provides that in order to be a qualified voter, one must satisfy the previously mentioned 6 month/30 day requirement, that an elector cannot be an "idiot or insane," and that the elective franchise may not be denied on the basis of sex. Article 15, Section 3 provides nothing more than "No person shall be eligible to any office who is not a qualified elector under this constitution." Although these provisions are related in that they both discuss the qualifications of voters and electors, clearly nothing in the language of either of these sections indicates that the City of Henderson acting in conjunction with the Nevada Legislature and the Governor of Nevada, cannot place a reasonable residency requirement upon a candidate running for its City Council. Indeed, as established by the Nevada Supreme Court, the Nevada Legislature may impose reasonable qualifications on an elector who desires to become a candidate, and in order to be a qualified elector under the Nevada Constitution, there is no requirement that an individual be a qualified voter. See Mengelkamp v. List, 88 Nev. 542, 545, 501 P.2d 1032 (1972); Schur Ex Rel. v. Payne, 57 Nev. 286, 291–92, 63 P.2d 921 (1937); see also, Gilbert v. Breithaupt, 60 Nev. 162, 165–66, 104 P.2d 183 (1940).

Accordingly, given the clarity of Section 2.010(3)(a), Nevada Supreme Court precedent, and the absence of any constitutional language which explicitly limits the ability of a city to impose reasonable residency requirements on its electors, this Court must reject MacDonald's Nevada Constitutional argument.

### B. Equal Protection

■ The second argument raised by MacDonald is that the one year residency requirement for Henderson City Commissioner violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. More specifically, MacDonald argues that the one year residency requirement in this case should be analyzed under a compelling state interest standard, and that it fails this standard since the effect of this provision is to allow the City of Henderson to usurp voter choice on the qualifications of a candidate. Reply (# 10) at 12–14. Along these same lines, MacDonald also points out that the vast majority of Nevada cities, including the City of Las Vegas, have 30 day residency requirements for elective positions, and that the City of Henderson has not adequately demonstrated how it is so unique as to necessitate a one year residency requirement. Motion (# 5) at 7; Reply (# 10), Exhibit C.[2]

The City of Henderson responds that the one year residency requirement should be evaluated under a rational basis standard, and that there are essentially three legitimate reasons for the regulation including: (1) allowing the voters to become familiar with the ability, views, and character of a prospective candidate; (2) fostering candidates who better understand the issues and problems facing the City Council of Henderson; and (3) inhibiting individuals who do not have a significant stake in the interest of the community from becoming candidates. Motion (# 5) at 4, Exhibit D.

■ With regard to the standard of review applicable to this case, this Court finds that

---

**2.** Of the 38 different Nevada cities specified in MacDonald's supporting exhibits, 29 have a 30 day residency requirement, the City of Reno has a 6 month residency requirement, and only 8 cities including the City of Henderson, have either a one or two year residency requirement. See Reply (# 10), Exhibit C.

the rational basis test is the required standard of review. Although there is some legal authority relied upon by MacDonald for the proposition that candidate residency requirements should be evaluated under a strict scrutiny analysis, *see e.g., Howlett v. Salish and Kootenai Tribes,* 529 F.2d 233, 242–44 (9th Cir.1976); *Bay Area, ect. v. City & Cty. of San Francisco,* 78 Cal.App.3d 961, 144 Cal.Rptr. 591, 593–95 (1978), more recent decisions, including a plurality decision of the United States Supreme Court, have evaluated durational residency requirements under a rational basis test. *See Clements v. Fashing,* 457 U.S. 957, 966–970, 102 S.Ct. 2836, 2845–2847, 73 L.Ed.2d 508 (1981) (*plurality opinion*); · *Hankins v. State of Hawaii,* 639 F.Supp. 1552, 1554–56 (D.Hawaii 1986); *compare, Beil v. City of Akron,* 660 F.2d 166, 168–69 (6th Cir.1981); *Joseph v. City of Birmingham,* 510 F.Supp. 1319 (E.D.Mich.1981). In light of this more recent case law, particularly the Supreme Court decision in *Clements,* this Court finds that it is bound to evaluate MacDonald's equal protection claim under a rational basis test.

■■■ Under a rational basis test, a court must uphold a law so long as it as some rational basis, or as long as it is reasonably related to a legitimate governmental concern. *Hankins,* 639 F.Supp. at 1554. In determining this, however, a State is not required to choose the most ineffectual means to achieve its aims. *Clements,* 457 U.S. at 968–69, 102 S.Ct. at 2846–47.

Applying this test to the City of Henderson's one year residency requirement, it is apparent that Henderson has forwarded legitimate governmental concerns which are logically furthered by this classification.

It cannot be reasonably argued that increasing the potential exposure of candidates to voters and voters' problems to candidates does not have a rational basis. Nor can it be said that the City of Henderson does not have a legitimate interest in potentially ferreting out candidates who are not seriously committed to the community. *See discus-*

*sion in Joseph,* 510 F.Supp. at 1336–37; *Hankins,* 639 F.Supp. at 1556–58; *compare Beil,* 660 F.2d at 169 (upholding one year durational residency requirement under both strict scrutiny and intermediate standard); *Howlett,* 529 F.2d at 244 (upholding one year residency requirement under strict scrutiny). This Court recognizes the merit of MacDonald's argument that a substantial majority of Nevada cities have not found the reasons advanced by the City of Henderson significant enough to impose residency requirements beyond 30 days. However, as the Court in *Hankins* recognized, "(i)n rationality review, choosing among alternatives is a task for the State (here the City of Henderson, the Nevada Legislature, and the Governor of Nevada), and not for the federal courts." *Hankins,* 639 F.Supp. at 1556.

This Court cannot reconcile why the Nevada Legislature and various cities throughout Nevada have seen fit to establish inconsistent residency requirements for candidates for municipal office. Nor should this or any court be called upon to do so. That is an issue appropriately left to the elected officials of the cities involved, the Nevada Legislature, and ultimately to the voters themselves. This Court does find, however, that the one year residency requirement contained in Section 2.010(3)(a) of the Henderson City Charter consistent with the requirements of the Equal Protection Clause.

### C. *Conclusion*

Based on the forgoing discussion, and because MacDonald cannot demonstrate that she will prevail on the merits of this case, the motion for preliminary injunctive relief will be denied. *See Cassim v. Bowen,* 824 F.2d 791, 795 (9th Cir.1987).

### ORDER

IT IS THEREFORE ORDERED that MacDonald's Motion for Preliminary Injunction, or, in the alternative, for Temporary Restraining Order (# 5) is hereby denied.

# APPENDIX
## RESIDENCY REQUIREMENTS STATEWIDE

### 30 DAY REQUIREMENT:

| | |
|---|---|
| Battle Mountain | 3,542 |
| Beatty | 1,623 |
| Carlin City | 2,200 |
| CARSON CITY | 41,900 |
| Crystal Bay | 1,200 |
| Dayton | 2,217 |
| Fallon | 6,438 |
| Fenley | 1,680 |
| Gabbs | 667 |
| Gardnerville | 2,177 |
| Hawthorne | 4,162 |
| Incline | 4,500 |
| Indian Springs | 1,164 |
| LAS VEGAS | 284,700 |
| Laughlin | 4,791 |
| Lovelock | 2,069 |
| McGill | 1,266 |
| Minden | 1,441 |
| Moapa | 3,616 |
| Overton | 1,100 |
| Pahrump | 7,424 |
| Silver Springs | 2,253 |
| SPARKS | 53,367 |
| Stateline | 1,379 |
| Tonopah | 3,616 |
| Verdi | 1,140 |
| Wells | 1,256 |
| Yerington | 2,367 |
| Zephyr Cove | 1,700 |

### 6 MONTH REQUIREMENT:

| | |
|---|---|
| Reno | 139,900 |

### 1 YEAR REQUIREMENT:

| | |
|---|---|
| Ely | 4,756 |
| Mesquite | 1,871 |
| Winnemucca | 6,134 |

### 2 YEAR REQUIREMENT:

| | |
|---|---|
| Boulder City | 12,567 |
| Caliente | 1,111 |
| Elko | 14,738 |
| North Las Vegas | 52,600 |

### 3 YEAR REQUIREMENT:

| | |
|---|---|
| Henderson | 71,600 |

MacDonald's Reply (# 10), Exhibit C