IN THE MATTER OF THE CHALLENGE TO THE CANDIDACY OF
NICHOLAS A. HANSEN.

NICHOLAS A. HANSEN, APPELLANT, v. STEWART L. BELL;
EARL T. MITCHELL; JOHN J. CAHILL; AND
FRANK "FULL TIME" MAHONEY, RESPONDENTS.

No. 39875

September 6, 2002

52 P.3d 938

*Hansen & Hall, LLC,* Las Vegas, for Appellant.

*Stewart L. Bell,* District Attorney, and *Mary-Anne Miller,* Deputy District Attorney, Clark County, for Respondent Bell.

*Tony Terry,* Las Vegas, for Respondent Mitchell.

*Frank "Full Time" Mahoney,* Henderson, in Proper Person.

*John J. Cahill,* Henderson, in Proper Person.

## OPINION

*Per Curiam:*

The constables of this state are elected by the voters of their townships and are peace officers in their respective townships. No

statute prescribes qualifications for the constable's office, but an administrative regulation, applicable to appointed peace officers, requires that a peace officer be at least twenty-one years of age at the time of his appointment. Earl Mitchell, the incumbent candidate for Constable of Henderson Township, challenged Nicholas A. Hansen's candidacy for that office, on the ground that the twenty-year-old Hansen did not meet the minimum age for an appointed peace officer, and hence, by extension, for a constable. Following a hearing, the district court sustained the challenge and ordered that Hansen's name be removed from the November 2002 ballot. In its written order, the court concluded that a candidate for the office of constable must be a peace officer on the day he takes office, and Hansen could not meet this requirement because of his age.

Through this appeal, Hansen seeks reversal of the order, asserting in part that the minimum age requirement for appointed peace officers does not apply to elected constables. We conclude that constables are statutorily granted peace officer status by virtue of their office, with no requirement that they satisfy the peace officer minimum standards. Accordingly, we reverse the district court's order and remand this matter with instructions for the district court to direct the Clark County Registrar of Voters to restore Hansen's name on the November 2002 ballot.

## BACKGROUND

Appellant Nicholas Hansen, currently twenty years old, filed a declaration of candidacy for the Office of Constable of Henderson in Clark County. Earl Mitchell, the incumbent candidate for Henderson's constable office, filed a timely affidavit of challenge with the Clark County Registrar of Voters regarding Hansen's qualifications. Citing NRS 258.070, which provides that a constable "shall . . . [b]e a peace officer in his township," and NAC 289.110, which prescribes in part that peace officers must be twenty-one years of age at the time of appointment, Mitchell contended that Hansen was disqualified from running for office because of Hansen's inability to meet the minimum age requirement for peace officers. The new constable's term begins January 6, 2003; Hansen will turn twenty-one years old on February 3, 2003.

The Registrar of Voters transmitted Mitchell's challenge to the Clark County District Attorney.[1] The District Attorney then filed a petition for an order to show cause regarding the validity of Hansen's candidacy, framing the issue as whether a candidate for the office of constable must be twenty-one years old at the time

---

[1]See NRS 293.182 (setting forth the procedure for challenges concerning candidates' qualifications).

of taking office. The district court issued an order directing Hansen to show cause why the challenge was invalid, and Hansen filed a response to the show cause order.

Following a hearing, the district court entered a written order concluding that NRS 258.070 requires a constable candidate to be a peace officer as of the date he or she assumes the office, which in turn means that a candidate has to be able to satisfy the minimum standards for peace officers as of that date. Because Hansen could not meet that requirement due to his age, the court sustained the challenge to Hansen's candidacy and directed the Registrar of Voters to remove his name from the November 2002 ballot. Hansen then filed this appeal challenging the district court's order.

## DISCUSSION

A constable in Nevada is a county officer elected by the voters of his township.[2] The legislature has enacted no statute prescribing the qualifications for constables. At a minimum, however, the Nevada Constitution requires that all persons running for any office be qualified electors, that is: (1) have resided in the state at least six months, and in a district or county at least thirty days preceding an election, (2) be at least eighteen years old and (3) be a United States citizen.[3] Here, it is undisputed that Hansen meets these constitutional requirements for holding a public office.

Nevertheless, Mitchell contends that because NRS 258.070(1)(a) provides that "[e]ach constable shall . . . [b]e a peace officer in his township," constables are subject to the minimum age requirement for peace officers under NAC 289.110,[4] and must satisfy that requirement on the day they take office. We disagree.

The resolution of this appeal lies in NRS 258.070(1)(a). It is axiomatic that when the words of a statute are plain and unambiguous, they will be given their plain meaning.[5] In our view, the unequivocal language of NRS 258.070(1)(a)—that "[e]ach constable shall . . . [b]e a peace officer in his township"—automat-

---

[2]*See* NRS 258.010(1); *Langon v. Washoe County,* 116 Nev. 115, 993 P.2d 718 (2000).

[3]Nev. Const. art. 15, § 3(1); *id.* art. 2, § 1; *see also Mengelkamp v. List,* 88 Nev. 542, 501 P.2d 1032 (1972).

[4]NAC 289.110 provides in relevant part:

    1. No person may be appointed to perform the duties of a peace officer unless he:

    . . .

    (c) Is at least 21 years of age at the time of his appointment.

[5]*See, e.g., SIIS v. Miller,* 112 Nev. 1112, 1120, 923 P.2d 577, 582 (1996).

ically confers upon constables peace officer status by virtue of being elected, without any additional requirements or qualifications for fulfilling that duty. If the legislature intended constables to be subject to the minimum standards of peace officers—or any other specific standards—in order to be elected, it would statutorily have established such qualifications for holding the constable's office.[6] The legislature has not done so. We conclude, therefore, that the peace officer status of a constable is conferred upon assuming office, with no need to satisfy NAC 289.110.

For the same reason, we further conclude that constables are not required to be certified as peace officers under NRS 289.550, which requires certain persons possessing peace officer powers to become certified by the Peace Officers' Standards and Training Commission within one year after becoming peace officers.[7] NRS 289.550(1) applies to those "upon whom some or all of the powers of a peace officer are conferred *pursuant to NRS 289.150 to 289.360,* inclusive." (Emphasis added.) The elected constable is granted the powers of a peace officer by NRS Chapter 258, which pertains to the office of constable, not Chapter 289, which concerns peace officers. Significantly, although constables are listed in NRS 289.150[8] as persons having peace officer powers, NRS Chapter 258 sets forth the method of selection, the duties, the powers, the compensation and other aspects of the constable's office. As noted previously, the legislature has chosen not to impose any qualifications for those seeking election to the position of constable other than the constitutional requirement of being a qualified elector. Regardless of the benefits of having elected constables trained and certified, the Nevada Legislature has apparently concluded that it would not interfere with the choice of the voters for constable by adding additional requirements after a person has been duly elected to the post. Thus, the

---

[6]*Cf., e.g.,* Tenn. Code Ann. § 8-10-102 (Supp. 2001) (prescribing the qualifications for holding the office of constable).

[7]In relevant part, NRS 289.550(1) provides:

> [A] person upon whom some or all of the powers of a peace officer are conferred pursuant to NRS 289.150 to 289.360, inclusive, must be certified by the commission within 1 year after the date on which the person commences employment as a peace officer unless the commission, for good cause shown, grants in writing an extension of time, which must not exceed 6 months, by which the person must become certified. A person who fails to become certified within the required time shall not exercise any of the powers of a peace officer after the time for becoming certified has expired.

[8]Specifically, NRS 289.150(5) states that "[c]onstables and their deputies whose official duties require them to carry weapons and make arrests" have peace officer powers.

district court erroneously disqualified Hansen from running for Henderson's constable office.[9]

## CONCLUSION

We conclude that constables attain peace officer status by virtue of their office, and they are therefore exempt from the minimum standards of NAC 289.110 and the certification requirement under NRS 289.550. Accordingly, we reverse the order of the district court and remand this matter with instructions for the district court to forthwith direct the Clark County Registrar of Voters to restore Hansen's name on the November 2002 ballot.

---

[9]In light of our disposition, we need not address Hansen's remaining contentions on appeal. We note that Hansen included in his appendix documents that were not part of the district court record. Although we conclude that the sanctions requested by Mitchell are not warranted, we did not consider these documents in the resolution of this appeal. *See* NRAP 30(g)(1).