Dear Mr. Jove:
On behalf of the Hallandale Beach City Commission, you ask substantially the following question:
 May the City of Hallandale Beach amend its city charter to require a three-year residency requirement for prospective candidates running at large for the city commission?
You state that the city commission is considering amending the city charter to change the current eight-month residency requirement for prospective candidates running at large to the city commission to three years. You are aware of the opinion of the Second District Court of Appeal in Board of County Commissioners of Sarasota County v. Gustafson,[1] in which the court struck down a county's two-year residency requirement. However, you question whether the city-a small community, unlike an entire county-would also be precluded from enacting a three-year residency requirement to run for city commission.
In Board of County Commission of Sarasota County v. Gustafson, supra, the district court noted that there was some public concern within the county that, due to the transient nature of the community, voters were not able to adequately familiarize themselves with the candidates, and some candidates did not have sufficient knowledge of or commitment to Sarasota County to properly serve the county. In response, the charter review board proposed an amendment to the city charter that would impose a two-year residency requirement. A declared candidate for sheriff challenged the proposed amendment.
While acknowledging that a two-year durational residency requirement for candidates for elected office did not affect a suspect class, the court recognized that a similar two-year candidate durational residency requirement had been held by the Sixth Circuit Court of Appeals to seriously infringe on the fundamental right to travel and thus violated the protections of the equal protection clause.[2] Since the decision was not controlling authority, however, the court felt compelled to examine the reasoning employed in the case and other cases in order to reach a decision.
Based upon its review of those cases, the Gustafson court concluded that it is not the existence of the candidate durational residency requirement, by itself, that seriously infringes on a fundamental right so as to require application of strict scrutiny; but rather the length of the durational residency requirement that determines which equal protection analysis will be applied. The court held that a fundamental right is not considered seriously infringed so as to require a strict scrutiny analysis unless the candidate durational residency requirement is deemed excessive.
The court concluded that a two-year candidate residency requirement was unreasonable:
 "The evolution of communication and transportation that allows individuals to move easily between communities and states renders such a two-year residency requirement particularly onerous. Appellants could identify no reason for setting the period at two years. There was no evidence that candidates would be any more familiar with county issues for having lived in the county for the preceding two years."[3]
Thus, having agreed with the trial court that the two-year term was unreasonable, the court concluded that it must necessarily apply strict scrutiny to this durational residency requirement, which could not be upheld unless it was necessary to a compelling state interest. The court concluded that such a test was not met:
 "It has become an established part of public life that residency is not a requirement in those situations where government entities rely on nationwide talent searches to fill key government executive positions. Appellants have not only failed to show why two years is necessarily better than one year or even one day, they have failed to show the inadequacy of alternative or less restrictive methods that would accomplish their stated objective."[4]
In the instant inquiry, a similar argument to that considered inGustafson is raised. You state that some of the commissioners believe a three-year residency requirement will ensure the candidate's intent to be a bona fide resident of the city and give the candidate the opportunity to know the diverse characteristics of the community, as well as afford the candidate's prospective constituents more time to judge whether the candidate knows and understands the issues and problems within the city. As a point of distinction between the instant inquiry and the situation in Gustafson, you note that the city community is small compared to a county. However, this would not appear to support a determination thatGustafson is not applicable.[5]
This office would note that the courts in other jurisdictions have generally viewed with skepticism durational residency requirements of longer than one year for local elections.[6] In Florida, the Supreme Court has upheld a durational residency requirement of one year for local elections.[7]
Accordingly, I am of the opinion that in light of the court's decision inBoard of County Commission of Sarasota County v. Gustafson, supra, a durational residency requirement of three years would appear to be of doubtful validity.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] 616 So. 2d 1165 (Fla. 2nd DCA 1993).
[2] See Green v. McKeon, 468 F.2d 883, 884 (6th Cir. 1972).
[3] 616 So. 2d at 1168.
[4] Id.
[5] It might be argued that in a smaller community, a candidate would better be able to know the diverse characteristics of the community in a shorter time than in a larger community.
[6] See, e.g., Peloza v. Freas, 871 P.2d 687 (Alas. 1994); Alexanderv. Kammer, 363 F. Supp. 324 (E.D. Mich. 1973) (charter provision requiring five-year city residency and two year residency within district to run for city commissioner invalid); Wellford v. Battaglia,343 F. Supp. 143 (D. Del. 1972), affirmed, 485 F.2d 1151 (3rd Cir. 1973) (five-year residency requirement to run for mayor); McKinney v.Kaminsky, 340 F. Supp. 289 (M.D. Ala. 1972) (five years for county commissioner); Bolanowski v. Raich, 330 F. Supp. 724 (E.D. Mich. 1971) (three years for mayor); Thompson v. Mellon, 507 P.2d 628 (Cal. 1973) (two-year residency requirement for city council); Cowan v. City ofAspen, 509 P.2d 1269 (Colo. 1973) (three-year residency requirement for municipal offices held invalid while one-year residency requirement upheld). But see Langmeyer v. State, 656 P.2d 114 (Idaho 1982) (five-year requirement for county planning zoning commission rational); State exrel. Brown v. Summit County Board of Elections, 545 N.E.2d 1256 (Ohio 1989) (two-year residency requirement for city council upheld).
One-year residency requirements have generally survived. See City ofAkron v. Bell, 660 F.2d 166 (6th Cir. 1981) (city council); MacDonald v.City of Henderson, 818 F. Supp. 303 (D. Nev. 1993) (city council);Joseph v. City of Birmingham, 510 F. Supp. 1319 (E.D. Mich 1981) (city commissioner); Civil Service Merit Bd. of Knoxville v. Burson,816 S.W.2d 725 (Tenn. 1991) (municipal civil service board candidates);White v. Manchin, 318 S.E.2d 470 (W.Va. 1984) (state senator). But seeBruno v. Civil Service Commission of Bridgeport, 472 A.2d 328 (Conn. 1984) (one-year requirement for recreational supervisor candidate failed strict scrutiny test).
[7] See Nichols v. State, 177 So. 2d 467 (Fla. 1965) (one-year durational residency requirement for city commission not unreasonable).And see Daves v. City of Longwood, 423 F.Supp. 503 (M.D. Fla., 1976) (upholding special act imposing one-year residency requirement to run for city council).