An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN MICHAEL SCHAEFER,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
CAROLYN ELLSWORTH, DISTRICT
JUDGE,
Respondents,
and
ROSS MILLER, SECRETARY OF
STATE, STATE OF NEVADA,
Real Party in Interest.

No. 65361

**FILED**

APR 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This is an original proper person petition for a writ of mandamus[1] challenging a district court order invalidating petitioner's candidacy for the office of State Controller for failing to satisfy NRS 227.010(2)'s residency requirement.[2]

Petitioner John Michael Schaefer filed a Declaration of Candidacy to run for the office of State Controller in the 2014 election. Thereafter, real party in interest, Secretary of State Ross Miller, filed a

---

[1]Because mandamus, rather than prohibition, appears to present the appropriate vehicle for challenging the district court's decision, we construe this petition as seeking a writ of mandamus. *See City of Sparks v. Second Judicial Dist. Court*, 112 Nev. 952, 953 n.1, 920 P.2d 1014, 1015 n.1 (1996) (construing a petition for a writ of prohibition as one for mandamus when mandamus was the appropriate remedy).

[2]The Honorable Mark Gibbons, Chief Justice, voluntarily recused himself from participation in the decision of this matter.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11950

complaint in district court challenging Schaefer's eligibility on the ground that he does not satisfy NRS 227.010(2), which prohibits a person from running for State Controller unless he or she "[i]s a qualified elector and has been a citizen resident of this State for 2 years next preceding the election." The district court held a hearing at which evidence was presented regarding where Schaefer resides, which the district court held demonstrated that he resided in California, rather than Nevada, and thus, it concluded that Schaefer did not satisfy NRS 227.010(2)'s residency requirement. The district court further rejected Schaefer's argument that NRS 227.010(2) was unconstitutional and, as a result, it ordered the Secretary to remove Schaefer's name from the 2014 primary election ballot. Schaefer then filed this emergency writ petition asking that this court direct the Secretary to leave his name on the election ballot. In so doing, Schaefer does not challenge the district court's residency determination, but instead contends that NRS 227.010(2)'s residency requirement offends the United States and Nevada Constitutions.

Having considered the parties' arguments, we conclude that Schaefer has not demonstrated that writ relief is warranted. *See* NRS 34.160; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 679, 818 P.2d 849, 853 (1991); *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). In particular, Schaefer's suggestion that NRS 227.010(2) should be subject to strict scrutiny is without merit. *See Clements v. Fashing*, 457 U.S. 957, 966-68 (1982) (characterizing a 7-year candidate residency requirement as an "insignificant interference with access to the ballot"); *Bullock v. Carter*, 405 U.S. 134, 142-43 (1972) ("[T]he Court has not heretofore attached such fundamental status to candidacy as to invoke a rigorous standard of review."); *Nev. Judges Ass'n v. Lau*, 112

Nev. 51, 56, 910 P.2d 898, 901 (1996) ("[T]he right to run for office is not deemed a fundamental right . . . ."). And under either rational-basis review, *see MacDonald v. City of Henderson*, 818 F. Supp. 303, 305-06 (D. Nev. 1993); *Hankins v. State of Haw.*, 639 F. Supp. 1552, 1554-56 (D. Haw. 1986), or intermediate-scrutiny review, *see Nev. Judges*, 112 Nev. at 54-56, 910 P.2d at 900-01; *In re Contest of Nov. 8, 2011 Gen. Election of Office of N.J Gen. Assembly*, 40 A.3d 684, 698-99 (N.J. 2012), any purported infringement on Schaefer's right to run for office is outweighed by NRS 227.010(2)'s wholly legitimate purpose of encouraging candidates for State Controller to familiarize themselves with the state and its budgetary needs and constraints. Likewise, NRS 227.010(2) does not violate Schaefer's right to travel interstate, because it does not penalize Schaefer by denying him a fundamental right or a basic life necessity, and it is rationally related to a legitimate government purpose. *See Joseph v. City of Birmingham*, 510 F. Supp. 1319, 1332 (E.D. Mich. 1981); *Civil Serv. Merit Bd. of City of Knoxville v. Burson*, 816 S.W.2d 725, 734 (Tenn. 1991).

NRS 227.010(2)'s residency requirement is likewise valid under the Nevada Constitution. This court has previously held that "'[t]he [Nevada] Constitution defines the qualifications of an elector, but the Legislature may prescribe reasonable qualifications for an elector who may desire to become a candidate, providing such qualifications are not in conflict with some constitutional provisions.'" *Mengelkamp v. List*, 88 Nev. 542, 545, 501 P.2d 1032, 1033 (1972) (quoting *Riter v. Douglass*, 32 Nev. 400, 435, 109 P. 444, 455-56 (1910)). Schaefer identifies no constitutional provision with which NRS 227.010(2) would conflict, and our independent review of the Nevada Constitution reveals no possibly conflicting constitutional provisions. Finally, Schaefer's reliance on *Schaefer v.*

*Townsend*, 215 F.3d 1031 (9th Cir. 2000), provides no support for his argument here, as that case addressed the constitutionality of a state's imposition of its own restrictions on candidates for a federal office under the United States Constitution and thus, has no relevance to the Legislature's ability to prescribe requirements for state offices under the Nevada Constitution. Accordingly, for the foregoing reasons, we

ORDER the petition DENIED.[3]

_____, J.  
Pickering

_____, J.  
Hardesty

_____, J.  
Parraguirre

_____, J.  
Douglas

_____, J.  
Cherry

_____, J.  
Saitta

cc:    Hon. Carolyn Ellsworth, District Judge  
       John Michael Schaefer  
       Attorney General/Carson City  
       Eighth District Court Clerk

---

[3]In light of our resolution of this matter, we deny as moot Schaefer's request that this matter be orally argued.