# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL J. MCCORMICK,
Appellant,
vs.
CONNIE BISBEE, CHAIRMAN;
NEVADA STATE BOARD OF PAROLE
COMMISSIONERS; JAMES G. COX,
DIRECTOR; AND THE STATE OF
NEVADA DEPARTMENT OF
CORRECTIONS,
Respondents.

No. 71880



FILED

SEP 1 9 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order granting respondents' motion to dismiss an action for a declaratory judgment or injunctive relief. Eleventh Judicial District Court, Pershing County; Jim C. Shirley, Judge.

Appellant Michael McCormick filed a complaint, seeking a declaratory judgment or injunctive relief in connection with the Parole Board's decision to deny his request for release on parole and alleging that the Board failed to comply with the applicable regulations and statutes. The district court granted respondents' motion to dismiss. We affirm.[1]

McCormick first argues that the district court erred in dismissing his action for failure to state a claim. This court reviews de novo an order granting a motion to dismiss under NRCP 12(b)(5). *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008).

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore is submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

To obtain declaratory relief, a plaintiff must show (1) a justiciable controversy (2) between persons with adverse interests, (3) where the party seeking declaratory relief has a legal interest in the controversy and (4) the issue is ripe for judicial determination. *Kress v. Corey*, 65 Nev. 1, 26, 189 P.2d 352, 364 (1948). This court will not review challenges to the evidence supporting Parole Board decisions, but will consider whether the Board has properly complied with the applicable statutes and regulations. *See Anselmo v. Bisbee*, 133 Nev., Adv. Op. 45, 396 P.3d 848, 851, 853 (2017); *cf.* NRS 213.1214(3) (providing that no cause of action regarding parole assessments may be raised if the actions comply with the statutory provisions). As a threshold matter, we therefore will not consider McCormick's claims that substantial evidence did not support the Board's decision or that the Board considered inaccurate evidence.

Considering the Board's procedural compliance, the record shows that it complied with all applicable procedures. The record shows that the Board considered that McCormick's crime was rated as of the highest severity and that his risk level was assessed as being low. The Board also considered aggravating and mitigating factors set forth in NAC 213.518, as directed by NAC 213.516. McCormick does not dispute the propriety of the factors the Board found. McCormick's contention that the Board failed to credit him for completing a treatment program in his risk assessment is belied by the record, as he was so credited. McCormick's policy claim that the Board should use a different risk assessment metric—which would confer no benefit upon him as his assessed risk is the lowest level on the metric used—does not identify an applicable procedure with which the Board failed to comply. McCormick's claim that the Board's denial of parole was arbitrary and capricious also fails, as the record

indicates the factors that the Board weighed in reaching its decision and an arbiter's weighing different factors is not per se arbitrary and capricious. *See Ybarra v. State*, 100 Nev. 167, 176, 679 P.2d 797, 803 (1984) (concluding, in death penalty context, that weighing aggravating and mitigating factors prevented arbitrary and capricious disposition). Assuming that a declaratory judgment is a proper means for relief here and considering the narrow scope of judicial review available, McCormick accordingly has failed to demonstrate a justiciable controversy in which he had an interest arising out of the Board's procedural compliance in his parole hearing and therefore has failed to show that a declaratory judgment was warranted. The district court did not err in dismissing the complaint for failure to state a claim.[2]

McCormick next argues that his challenge to his 2009 parole hearing was not barred by the statute of limitations because it implicated the same claims as he alleged regarding his 2014 hearing and the repetition of the same injury rendered it a continuing violation. As the complaint asserting issues arising from the 2014 hearing failed to state a claim, it is immaterial whether they were preceded by 2009 claims that similarly lacked merit. Therefore, even assuming that the 2009 claim was not barred by the statute of limitations, as it failed to state a claim, the district court did not err in dismissing it.[3]

---

[2]McCormick's additional arguments fail. Insofar as McCormick claims due process rights in his parole hearing, he is mistaken. *Anselmo*, 133 Nev., Adv. Op. 45, 396 P.3d at 850. And to the extent that McCormick challenges the date scheduled for his next parole hearing, the date provided by the Board comports with NRS 213.142(2).

[3]We note, however, the district court's error in applying the facially inapplicable NRS 11.190(4)(e) (providing 2-year period of limitations for "an

McCormick next claims that he has a right to access his file with the Parole Board based on provisions within NRS Chapter 179A (Records of Criminal History and Information Relating to Public Safety) and Chapter 239 (Public Records). McCormick's reliance is misplaced, as NRS 213.1075 specifically provides that the information gathered by the Board in executing its duties is privileged and may not be disclosed except to the Board, the judge, the district attorney, or another with a specific entitlement to such information, absent an express order to the contrary. *See City of Reno v. Reno Gazette-Journal*, 119 Nev. 55, 60-61, 63 P.3d 1147, 1150 (2003) (observing that specific statutes take precedence over general statutes and holding that general public-records-disclosure laws did not compel disclosure of records specifically declared confidential by another statute). And McCormick's request for the reasons for his parole denial and recommendations for his future conduct is moot, as the Board's order of denial was provided to McCormick and includes such information. Accordingly, the district court did not err in denying this claim.

Lastly, McCormick challenges the risk assessment used for sex offenders as invalid on equal protection grounds. Where an equal protection challenge implicates no suspect class or fundamental right, we review the challenged regulation for a rational basis, any rational relationship to

---

action to recover damages for injuries to a person or for the death of a person caused by the wrongful act or neglect of another"). *Cf. City of Fernley v. State, Dep't of Tax*, 132 Nev., Adv. Op. 4, 366 P.3d 699, 707-08 (2016) (holding statute of limitations did not bar claimants' request for declaratory judgment or injunctive relief where relief sought was prospective). This error, however, is nondispositive. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (affirming district court's order when district court reached the correct result, though for the wrong reason).

effecting a legitimate governmental purpose. *See Allen v. State*, 100 Nev. 130, 135-36, 676 P.2d 792, 795-96 (1984); *see also State v. Eighth Judicial Dist. Court (Logan D.)*, 129 Nev. 492, 505 n.4, 306 P.3d 369, 379 n.4 (2013) (holding that sex offenders are not a suspect class). The legislative history that McCormick provided exhibits a rational basis for the risk assessment by showing that this risk assessment model was selected to provide an objective determination for measuring recidivism risk that was more accurate than the prior subjective system and to better utilize corrections psychiatric staff. Hearing on S.B. 104 Before the Senate Judiciary Comm., 77th Leg. (Nev. March 5, 2013). Determining risks of recidivism more effectively is a legitimate governmental purpose in administering a parole program, and using this assessment model is rationally related to effecting that aim. The district court therefore did not err in denying this claim.

Having considered McCormick's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Jim C. Shirley, District Judge
Michael McCormick
Attorney General/Carson City
Attorney General/Dep't of Public Safety/Carson City
Pershing County Clerk

